**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.  No. CR 03-1880 JB

DEXTER TSO,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objection to Presentence Report, filed November 3, 2004 (Doc. 92). The primary issue is whether the Court can, under the Supreme Court of the United States' recent decision in Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (June 24, 2004), enhance Tso's offense level because he allegedly restrained the victim. Because the Court determines that it cannot enhance Tso's offense level because he allegedly restrained the victim, the Court will sustain the objection.

### PROCEDURAL BACKGROUND

On June 7, 2004, Defendant Dexter Tso pled guilty to assault with a dangerous weapon. Tso did not admit to the fact of physical restraint of the victim in the plea agreement or during his plea colloquy in Court. Nor has the United States or the Court submitted that fact to a jury for a determination of its truth beyond a reasonable doubt.

The United States Probation Office prepared a Presentence Report ("PSR"), and disclosed it to Tso and his counsel. They reviewed the PSR's contents and raise objections to the manner in which Probation has calculated Tso's sentence. Tso's objections are based upon the Supreme Court's

holding in Blakely v. Washington. Tso objects to the PSR and requests that the Court sentence him in accordance with this objection. Specifically, Tso objects to the two offense level enhancement that the United States probation officer made for physically restraining Ashley K. C. during the course of the offense. See PSR ¶ 28, at 11.

## BLAKELY v. WASHINGTON

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court of the United States held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See id. at 490. Under the Sentencing Guidelines scheme, however, a defendant does not admit all facts related to the offense of which he is convicted. Also, the court does not submit those facts that the defendant does not admit to a jury for its determination of their truth.

Rather under the guidelines, the trial court used these additional facts as the basis for enhancements of the defendant's sentence. As a matter of practice, the court accepted the probation officer's factual investigation and conclusions at face value unless there was an objection, determined that the defendant committed the acts related to the offense before the court, and then enhanced the defendant's sentence. The Court has determined that procedure may no longer be lawful in certain circumstances.

Blakely v. Washington applied or extended Apprendi v. New Jersey to a determinate sentencing scheme. Blakely v. Washington indicates that the phrase "statutory maximum," as Apprendi v. New Jersey uses that phrase, does not mean the maximum possible punishment for the offense under any set of facts. See Blakely v. Washington, 124 S.Ct. at 2537. Instead, "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on*

*the basis of the facts reflected in the jury verdict or admitted by the defendant."* Id. (emphasis in original).

This Court has already ruled, in a number of sentencings since the Supreme Court's decision, that Blakely v. Washington precludes judicial fact finding under the preponderance of the evidence standard which would increase a defendant's sentence under the federal sentencing guidelines. The Court has decided that judicial fact finding which would enhance a sentence violates the defendant's Sixth Amendment right to trial by jury. See United States v. Booker, 375 F.3d 508, 517 (7th Cir. 2004)("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); United States v. Ameline, 376 F.3d 964, 974-75 (9th Cir. 2004)(holding that Blakely invalidates guideline enhancements under § 2D1.1). But see United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004)(holding that "the Guidelines do not establish maximum sentences for Apprendi purposes").

## RESTRAINT OF VICTIM

Section 3A1.3 of the United States Sentencing Guidelines ("U.S.S.G") prescribes an increase by two levels "if a victim was physically restrained in the course of the offense." U.S.S.G. § 3A1.3. The guidelines define "[p]hysically restrained" as "the forcible restraint of the victim such as being tied, bound, or locked up." Id. § 1B1.1, cmt. n.1(K).

## ANALYSIS

Tso argues that the PSR incorrectly includes a two-point victim related adjustment on the ground that the victim was physically restrained in the course of the offense. The Court and the

Probation Office cannot find the critical facts that would increase Tso's sentence. For the Court to make these findings would violate Tso's Sixth Amendment rights.

Consequently, pursuant to Blakely v. Washington, the Court cannot find those facts and use them to increase Tso's sentence. The Court sustains Tso's objection to the two-level enhancement.

**IT IS ORDERED** that the Defendant's objection to the two-level enhancement is sustained.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David Iglesias
  United States Attorney for the
    District of New Mexico
Stan Whitaker
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Benjamin A. Gonzales
  Assistant Federal Public Defender
Albuquerque, New Mexico

*Attorney for the Defendant Dexter Tso*